IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHEAL D. JOHNSON, | § § § | |
| *Plaintiff,* | § § | SA-23-CV-00229-FB |
| vs. | § § | |
| GARY L. STEEL, JUDGE, 274TH DISTRICT COURT, COMAL COUNTY; FRANCISCO A. ARGENAL, DEPUTY SHERIFF, COMAL COUNTY; AND BRADLEY D. GRAHAM, DEPUTY SHERIFF, COMAL COUNTY, | § § § § § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendant Comal County's 12(b)(6) Motion to Dismiss [#5] and Judge Steel's Motion to Dismiss [#6]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#15]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendants' motions be granted.

**I. Background**

This case arises under 42 U.S.C. § 1983. Plaintiff Micheal D. Johnson, proceeding *pro se*, filed his civil rights Complaint against Judge Gary L. Steel and Deputy Sheriffs Francisco A. Argenal and Bradley D. Graham in their official capacities. Johnson alleges that Deputies Argenal and Graham committed aggravated assault by tasing him during an arrest and then

1

denied him medical treatment. Johnson alleges Judge Steel made "terroristic threats," failed to perform his official duties, and engaged in criminal conspiracy. (Compl. [#1], at 4.) Defendants have moved to dismiss Johnson's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II.  Legal Standards

Defendants move for dismissal under both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Motions filed under Rule 12(b)(1) allow a party to challenge the subject-matter jurisdiction of the district court to hear a case. *See* Fed. R. Civ. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161. When a court's subject matter jurisdiction is factually attacked, the court may consider matters outside of the pleadings. *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981). Where a motion to dismiss for lack of jurisdiction is limited to a facial attack on the pleadings, it is subject to the same standard as a motion brought under Rule 12(b)(6). *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Ramming*, 668 F.3d at 161.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The

allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570. This Court construes the filings and pleadings of *pro se* parties liberally. *Collins v. Dallas Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023).

### III. Analysis

Defendants have moved to dismiss all of Johnson's claims. The Court should grant the motions because Johnson's claims against Deputies Argenal and Graham are barred by the governing statute of limitations and Judge Steel is immune from suit.

**A.     Johnson's claims against Deputies Argenal and Graham are time-barred.**

Comal County moves for dismissal of Johnson's claims on behalf of Deputies Argenal and Graham, who are sued solely in their official capacities. Comal County argues that Johnson's claims against the deputies are time-barred. The undersigned agrees.

Johnson's suit is brought pursuant to Section 1983. Lawsuits brought under Section 1983 borrow their statute of limitations from the limitations period governing personal injury actions in the state in which the lawsuit is filed. *See Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th

Cir. 2018). In Texas, the applicable limitations period is two years. *Id.* (citing Tex. Civ. Prac. & Rem. Code § 16.003(a)). The limitations period begins to run when the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* (quoting *Piotrowski v. City of Houston*, 51 F.3d 512, 516 n.10 (5th Cir. 1995)).

Johnson alleges that October 3 through 4, 2020, and March 3, 2022, are the dates of the events giving rise to his claim. (Compl. [#1], at 4.) The substance of Johnson's claims concern an arrest and law enforcement encounter, followed by a court hearing before Judge Steel. Johnson therefore alleges that Deputies Argenal and Graham violated his constitutional rights in early October 2020. Johnson's response to Comal County's motion also confirms that the arrest and alleged assault occurred on October 3. (Resp. [#10], at 2.) (This reference however mistakenly cites the date of the arrest as 2023, instead of 2020, which is after the filing of the Complaint, so is assumed to be a scrivener's error.)

Therefore, for Johnson's claims against the deputies to be timely, he must have filed his Complaint on or before October 4, 2022. Johnson filed his Complaint on February 24, 2023. His claims are therefore time-barred. Because the claims are barred by the governing statute of limitations, the undersigned need not and has not addressed Comal County's other arguments in favor of dismissal of the claims against the deputies.

**B.      Judge Steel is immune from suit.**

Judge Steel, the presiding judge of the 274th Judicial District Court of Comal County, Texas, moves for dismissal of Johnson's claims on the basis that he is immune from suit under the Eleventh Amendment. Johnson did not file a response in opposition to Judge Steel's motion.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).  Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  Although there are several recognized exceptions to Eleventh Amendment immunity, the Eleventh Amendment bars all persons from suing for money damages in federal court.  *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).

The 274th District Court of Comal County, Texas is a state entity created by statute. *See* Tex. Gov't Code § 24.451.  As the Presiding Judge of the 274th District Court of Comal County, Texas, Judge Steel is therefore an official of the State of Texas.  An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  Johnson seeks over $7 million in money damages from Defendants for his alleged injuries.  Because Johnson sues Judge Steel in his official capacity[1] and seeks money damages, Judge Steel is entitled to the protection of the Eleventh Amendment.  The undersigned therefore need not and has not addressed Judge Steel's other arguments for dismissal of Johnson's claims under Section 1983.

Finally, insofar as Johnson is attempting to advance a claim under 18 U.S.C. § 242, he has no legal basis to do so.   Section 242 is a criminal statute prohibiting the willful deprivation of constitutional rights under color of law.  Johnson briefly mentions Section 242 in his response

---

[1] Even if Johnson had sued Judge Steel in his individual capacity, those claims would still be barred because Judge Johnson enjoys judicial immunity for all actions taken in the performance of his official duties as a judge.  Judges enjoy judicial immunity from suit as to those acts taken in their judicial capacity.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  This immunity is not overcome by allegations of bad faith or malice.  *Id.*

to Comal County's motion to dismiss in a statement regarding alleged judicial misconduct. (Resp. [#13], at 5.)  This statute does not provide a basis for civil liability. *Gill v. State of Tex.*, 153 Fed. App'x 261, 262 (5th Cir. 2005).  "Further, decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [Johnson] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Id.*

### IV.  Conclusion and Recommendation

Having considered Defendants' motions, the response and reply thereto, the pleadings, and governing law, the undersigned recommends that Defendant Comal County's 12(b)(6) Motion to Dismiss [#5] and Judge Steel's Motion to Dismiss [#6] be **GRANTED** and Plaintiff's Complaint **DISMISSED** for failure to state a claim and for lack of subject matter jurisdiction.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party

from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

    SIGNED this 2nd day of October, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE